UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-14293-ROSENBERG

PATRICK J. GRADY,

    Plaintiff,

Vs.

UNITED STATES DEPARTMENT OF DEFENSE,
UNITED STATES DEPARTMENT OF JUSTICE,
INTERNAL REVENUE SERVICE, ERIC H.
HOLDER, JOHN F. LAUGEL,

    Defendants,
_____/

## ORDER GRANTING GOVERNMENT DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the Motion (DE 16) filed by the Defendants, U.S. Department of Defense, Department of Justice, Internal Revenue Service, and Eric H. Holder (in his official capacity), pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, to dismiss the Complaint (DE 1) filed by Plaintiff, Patrick J. Grady in this action. For the reasons provided below, the Motion is GRANTED and this case is DISMISSED.

## INTRODUCTION

Plaintiff's Complaint presents a long list of fanciful and vague allegations that the government and a private citizen living in the apartment above him illegally surveilled and harassed him. Among other things, Plaintiff alleges that the defendants installed cameras in his rental apartment complex (Compl. at ¶ 48), implanted a microchip in his ear (Compl. at ¶ ¶ 56, 72), made loud noises to disturb him at the library (Compl. at ¶ 59), placed a surveillance device on the roof of his apartment building (Compl. at ¶ 60), and used electromagnetic microwave

1

energy that made him hear voices and other sounds (Compl. at ¶ ¶ 60, 61, 71). Plaintiff further alleges that the defendants unlawfully "targeted [him] through a National Security Letter or FISA Court Order." Compl. at ¶ 75.  Plaintiff claims that, as a result of the foregoing alleged conduct, he has suffered broken bones, broken teeth, blurred vision, heart palpitations, breathing problems, pulsing above his left ear, exhaustion, prostate cancer, back pain, hand cramps, nightmares and flatulence. *See* Compl. at ¶¶ 47, 112.

Pursuant to 42 U.S.C. § 1983, Plaintiff complains that the defendants' alleged conduct violated his Fourth Amendment right to privacy (Count 1) and his Fourteenth Amendment right to due process and equal protection (Count 2).  Plaintiff further claims that defendants' alleged "electronic and electromagnetic surveillance" and their "gang-stalking" of him at the library, theaters and restaurants violated the Foreign Intelligence Surveillance Act of 1978 and the U.S.A. Patriot Act (Count 3).  Finally, Plaintiff claims that the alleged surveillance and harassment amounted to intentional infliction of emotional distress or the tort of outrage (Count 4). Plaintiff seeks damages and injunctive relief.

As explained below, the Court lacks subject matter jurisdiction over Plaintiff's claims. Moreover, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### I.   The Court lacks subject matter jurisdiction because Plaintiff's Complaint is patently insubstantial.

Federal courts are courts of limited jurisdiction and the plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers (*see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), even a *pro se* plaintiff bears

the burden of establishing that the Court has subject matter jurisdiction. *See Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C.Cir.1993)).

"[F]ederal courts are without power to entertain claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 48 L.Ed. 795 (1904)). No federal question jurisdiction exists "when the complaint is patently insubstantial." *Best v. Kelly*, 39 F.3d 328, 330 (D.C.Cir.1994) (internal citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To be dismissed on this ground under Rule 12(b)(1) the claims must be "flimsier than 'doubtful or questionable' they must be 'essentially fictitious.'" *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536–37, 94 S.Ct. 1372). Claims that are essentially fictitious include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." *Id*. at 330.

In this action, Plaintiff's allegations of extreme forms of government surveillance and harassment are of the sort of "bizarre conspiracy theory" that warrant dismissal under Rule 12(b)(1). Plaintiff's allegations that the government implanted a device in his ear (Compl. at ¶¶ 56, 72), that it caused groups of people to disturb him by making noise at the library and the theater (Compl. at ¶ 59), that it used "electromagnetic microwaves" to spy on him (Compl. at ¶¶ 60, 61, 71) and that it caused him to hear voices (Compl. at ¶ 60) are not merely doubtful or questionable, but are entirely unbelievable. Plaintiff's allegation that the government "target[ed] [him] through a National Security Letter or FISA Court order" (Compl. at 75) is totally unsupported by anything beyond his own bare suspicion. And Plaintiff's assertions that the alleged surveillance and harassment caused him to suffer injuries ranging from prostate cancer to

3

broken bones to flatulence are so incredibly attenuated and baseless as to render his claims totally devoid of merit. For these reasons, the Court lacks subject matter jurisdiction over Plaintiff's Complaint and dismisses it accordingly.  *See, e.g., Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009) (affirming district court's dismissal of plaintiff's Constitutional claims as patently insubstantial where plaintiff alleged that, about a year and a half after he had used the word "bomb" on a telephone call with an airline representative, the government wiretapped his telephones and those of his family members, monitored his vehicle with a radio frequency identification tag and placed an officer outside his home for several hours per day; observing that the allegations were in the realm of claims flimsier than doubtful or questionable and were, thus, essentially fictitious);  *Curran v. Holder*, 626 F.Supp.2d 30 (D.C. Dist. 2009) (dismissing a *pro se* plaintiff's Fourth and Fifth Amendment and Privacy Act claims based on allegations of ongoing and pervasive government surveillance and harassment because the claims were conclusory and unsupported by factual detail, and so attenuated and insubstantial as to be devoid of merit);  *Frank v. Bush*, 2010 WL 1408405, *5 (D. Kan. Apr. 2, 2010) (dismissing as insubstantial, implausible and frivolous a *pro se* plaintiff's claim that federal government defendants issued a National Security Letter to harm him in retaliation for his activism because (1) plaintiff alleged no facts which would lend plausibility to his claim, (2) it would require "wild speculation" to infer that the plaintiff's alleged injuries were caused by the issuance of NSLs, and (3) only the plaintiff's "bare suspicion" supported his claims); *Custis v. CIA*, 118 F. Supp.3d 252 (D.C. Dist. 2015) (dismissing as patently insubstantial and fictitious plaintiff's Constitutional and statutory claims based on the plaintiff's belief that the government had surgically implanted an electronic GPS into her skull); *Moore v. Bush*, 535 F. Supp.2d 46 (D.C. Dist. 2008) (dismissing former government employee plaintiff's claim that the NSA, the

Department of Justice and others conspired to implant a microchip in his brain for the purpose of controlling his brain data because the claim was so attenuated and insubstantial as to be totally devoid of merit).

## II.     Plaintiff Also Fails to State a Claim Upon Which Relief May Be Granted

Complaints that defy reality are not only subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, they are also subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Courts ruling on motions to dismiss under Rule 12(b)(6) read the rule together with Rule 8(a)(2), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  While the pleading standard set forth in Rule 8(a) does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied). Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The Supreme Court's ruling in *Iqbal* permits dismissal under Rule 12(b)(6) when a complaint defies reality as we know it.  As Justice Souter observed, the exception to the rule that courts must accept the allegations in a plaintiff's complaint as true "lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Iqbal,* 556 U.S. at 696 (Souter, J., dissenting).[1] *See, e.g., Gobin v. Holder*, 2013 WL 24086 (N.D. Ala. Jan. 2, 2013); *Williams v. Karf,* No. CV410–221, 2010 WL 5624650, at *1 (S .D.Ga. Dec. 20, 2010), *report and recommendation adopted by*, No. CV410–221, 2011 WL 201770 (S.D.Ga. Jan. 19, 2011).

As discussed above, Plaintiff's allegations in this action fall into the category of those defying reality as we know it.  Plaintiff's allegations that the government implanted a device in his ear (Compl. at ¶¶ 56, 72), that it has harassed him by causing groups of people to disturb him by making noise at the library or coughing at the theater (Compl. at ¶ 59), and that it has used "electromagnetic microwaves" that caused him to hear "vocal sounds including profanity" (Compl. at ¶¶ 60, 61, 71) do not satisfy the plausibility requirement set forth in *Iqbal*, and, therefore, fail to state a claim upon which relief may be granted.

---

[1] Although this observation comes from Justice Souter's dissenting opinion in *Iqbal*, courts have subsequently endorsed such an exception to the *Twombly/Iqbal* pleading standard. *See, e.g., Tooley v. Napolitano*, 586 F.3d 1006, 1009–10 (D.C.Cir.2009); *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629–30 (6th Cir.2009); *Buckner v. Montgomery County Jobs & Family Services Division*, No. 3:11–CV–320, 2012 WL 786948, at *2 (S.D.Ohio Mar. 9, 2012); *Mitchell v. DMHA*, 3:11–CV–160, 2011 WL 4067398, at *1 (S.D. Ohio June 10, 2011), report and recommendation adopted by, 3:11–CV–160, 2011 WL 4067340 (S.D.Ohio Sept. 13, 2011); *McGraw v. Wachovia Securities, LLC*, 08–CV–2064–LRR, 2009 WL 2949290, at *2 (N.D.Iowa Sept. 10, 2009); *Walton v. Walker*, CIV. 08–CV–486–MJR, 2009 WL 1470409, at *4 (S.D.Ill. May 27, 2009) aff'd, 364 F. App'x 256 (7th Cir.2010).

**III.     The Court lacks subject matter jurisdiction over Plaintiff's constitutional claims because the government Defendants are immune to such claims.**

Plaintiff purports to bring claims under 42 U.S.C. § 1983 against the Department of Defense, the Department of Justice, the Internal Revenue Service and Eric Holder in his capacity as former Attorney General of the United States, for alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Federal agencies and federal officials acting in their official capacity, however, are immune to such claims.

Claims against federal agencies and claims against individual defendants sued in their official capacities are treated as if they were brought against the federal government itself. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (regarding claims against an agency); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (explaining that an official-capacity lawsuit is in effect a suit against the sovereign)). Absent a waiver, sovereign immunity shields the Federal Government from suit. *See F.D.I.C. v. Meyer*, 510 U.S. at 475.

The United States has not waived sovereign immunity for claims for money damages sounding in constitutional tort. *See id.*, 510 U.S. at 478. Therefore, each of the government agency defendants and Mr. Holder, in his official capacity, are immune to Plaintiff's claims for damages based on the Fourth and Fourteenth Amendments (Counts 1 and 2, respectively). These purported claims are, therefore, dismissed under Rule 12(b)(1), Federal Rules of Civil Procedure.

### IV. The Court lacks jurisdiction over Plaintiff's tort Claim for emotional distress because Plaintiff has failed to exhaust his administrative remedies.

Plaintiff's tort claim for intentional infliction of emotional distress (Count 4) is governed by the Federal Tort Claims Act. *See Caldwell v. Klinker*, 646 Fed. Appx. 842, 846 (11th Cir. Mar. 30, 2016) (explaining that where, as here, a plaintiff's suit presents state-law tort law claims against a federal agency, it is properly construed as an FTCA claim against the United States -- even if it is labeled otherwise). As such, Plaintiff was required to comply with the FTCA's requirements before filing suit in federal court. One such requirement is the claimant's exhaustion of administrative remedies before the agency whose conduct gave rise to his claim. *See Caldwell*, 646 Fed. Appx at 846 (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113. Even *pro se* litigants must comply with the exhaustion requirement. *Caldwell*, 646 Fed. Appx. at 846. Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir.2008).

Despite Plaintiff's allegation that he "has exhausted all administrative efforts to try and stop the illegal and unwarranted surveillance against him," none of the agencies Plaintiff is suing has any record of receiving an administrative claim from Plaintiff.[2] As such, Plaintiff's tort claim for infliction of emotional distress is dismissed because the Court lacks subject matter jurisdiction to hear it.

---

[2] The government Defendants attached to their Motion to Dismiss declarations from the Internal Revenue Service, the U.S. Army Claims Service, the U.S. Navy, Claims and Tort Litigation Division, the U.S. Air Force, Claims and Tort Litigation Division and the Federal Bureau of Investigation regarding the lack of administrative claims.

### V. The Court Also Lacks Jurisdiction over Plaintiff's Claim Under the Foreign Intelligence Surveillance Act and the Patriot Act.

Although Plaintiff does not specifically identify the provision(s) of the Foreign Service Intelligence Act (FISA) or the USA Patriot Act he claims were violated, Plaintiff, in conclusory fashion, alleges that the government Defendants violated the statutes by surveilling him electronically without a warrant and issuing a National Security Letter against him. *See* Compl. at ¶¶ 99, 100. While FISA does contain a waiver of sovereign immunity that allows a person who is aggrieved by a willful violation of certain FISA provisions to sue the United States for money damages, it provides specific procedures with which the aggrieved person must comply. *See* 18 U.S.C. § 2712. An aggrieved person may commence an action in district court "only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act, as set forth in title 28, United States Code." *Id*. Plaintiff does not specify which of the agencies he is suing allegedly violated FISA. Nevertheless, none of the agencies received a claim from Plaintiff related to the alleged conduct at issue in this lawsuit. Therefore, just as the Court lacks jurisdiction over Plaintiff's tort claim for intentional infliction of emotional distress, it also lacks jurisdiction over Plaintiff's vague claim under FISA.

As for Plaintiff's claim that the government defendants violated the Patriot Act, Plaintiff does not explain how he may bring a private action to enforce it. "[C]ourts that have considered the question have concluded that the Patriot Act does not provide for a private right of action for its enforcement. *Ray v. First Nat'l Bank of Omaha*, 413 Fed. Appx. 427, 430 (3d Cir. 2011) (citing *Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 326 (D.Conn.2008); *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F.Supp.2d 1316, 1330 (D.Kan.2006)); *see also Ibn-Duriya v. Curry*, 2007 WL 1191715, *2 (W.D. Ky. Apr. 18, 2007) (dismissing claim based on the Patriot Act because "[n]o private cause of action exists to enforce the USA PATRIOT Act"). As such,

9

Plaintiff's Complaint does not state a claim under the Patriot Act on which relief may be granted. *See id*.

As indicated above, it is hereby ORDERED that Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction and/or for failing to state a claim upon which relief may be granted. This Case shall be marked CLOSED and any pending motions DENIED AS MOOT.

DONE and ORDERED in Chambers, Fort Pierce, Florida, this 4th day of January, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE